89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel J. DAVIS, Defendant-Appellant.
 No. 95-1456.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1996.
 
 BEFORE: CONTIE, BATCHELDER, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case we examine two comments made by the district court judge which allegedly deprived Daniel Davis of a fair trial. We find that they did not and AFFIRM the holding below.
 
 I. FACTS
 
 2
 A two-count indictment charged Daniel Davis with concealing a Cobra kit car from his creditors in bankruptcy and with making a false statement under penalty of perjury. After a three day trial, a jury convicted Davis on both counts.
 
 
 3
 Davis argues on appeal that two comments by the district court judge made during the course of the trial deprived him of a fair trial. The first comment is highlighted below:
 
 
 4
 Q. (Defense attorney, Mr. Schaeffer): Was there a time that you and your ex-wife delivered the 1984 show car by pushing it off a trailer and pushing it into the garage in, in the fall of 1985, and probably November of 1985?
 
 
 5
 A. (Davis): No, it would have been impossible to push that car onto a trailer, with two people anyway.
 
 
 6
 Q. Why is that?
 
 
 7
 A. Well, the car weighed 2,500 pounds. To push it up a ramp and on the trailer--
 
 
 8
 Ms. Landman (gov't attorney): Your Honor, I am going to object because I don't think the testimony was that [the] car was pushed on the trailer. I believe the testimony was that it was pushed off the trailer.
 
 
 9
 The Court: It is certainly the testimony that it was pushed in the garage. I don't recall it was pushed off the trailer or not. There is no testimony it was pushed on the trailer. That is for sure. As to that part of the objection, the objection is sustained. As to the pushing off, I simply don't remember.
 
 
 10
 Although there was no objection at trial, Davis claims that the above highlighted language misquoted prior testimony and left the jury with the clear impression that Davis' ex-wife never stated that she and Davis pushed the car onto the trailer. According to Davis, this comment eroded his attempts to show that his ex-wife, Diana Reynolds, was not being truthful.
 
 
 11
 Davis also points to another moment in the trial when the judge commented:
 
 
 12
 Q. (Gov't attorney, Ms. Landman): Now how far is Kalamazoo from Coldwater?
 
 
 13
 A. (Davis): It is a one hour drive.
 
 
 14
 Q. How many miles?
 
 
 15
 A. 55 miles, 60.
 
 
 16
 Q. So it was convenient for you to have a storage garage at your father-in-law's in Kalamazoo despite the fact that you had rented a place on Old 27 and another building on Pearl Street right around the corner from your house?
 
 
 17
 A. I didn't say that I rented one around the corner from my house.
 
 
 18
 Q. You lived on Pearl Street at that time?
 
 
 19
 A. No.
 
 
 20
 Q. Well, how far was it from your house?
 
 
 21
 A. This building was rented while I lived at the lake.
 
 
 22
 Q. How far was that from your house?
 
 
 23
 A. Five miles.
 
 
 24
 The Court: Ms. Landman, he still hadn't answered your question.
 
 
 25
 Ms. Landman: The question of how far is Kalamazoo and Coldwater, miles-wise?
 
 
 26
 The Court: No, he answered that. The question that you asked him was why was it, or something to the effect of why was it more convenient.
 
 
 27
 Ms. Landman: That is true.
 
 
 28
 The Court: He never answered that. Instead of that, he quarreled with you about how close Pearl Street was.
 
 
 29
 Davis: I don't think it was more convenient. I just said it was convenient because we were in town, we were in Kalamazoo once a week visiting her parents.
 
 
 30
 Despite the lack of objection at trial, Davis claims that the highlighted statement unfairly characterized his testimony, was incorrect, was derogatory towards Davis, and invaded the province of the jury in determining the credibility of the witness.
 
 II. ANALYSIS
 
 31
 We review the trial court's comments for plain error since there was no objection at the time the comments were made. See United States v. Seago, 930 F.2d 482, 493 (6th Cir.1991).
 
 A. Pushing of Car Onto Trailer
 
 32
 A close reading of the record demonstrates that the judge's comment was correct. We reject Davis' contention that the district court's comment, "There is no testimony it was pushed on the trailer. That is for sure," incorrectly bolstered Diana Reynolds' testimony and downgraded his version of the facts.
 
 
 33
 The context of the comment deals with pushing the car off the trailer in 1985. Davis responded to the question regarding pushing the car off the trailer by saying it would have been impossible to push the car onto the trailer. The district court's comment that there was no testimony that it was pushed on the trailer in 1985 is correct. Ms. Reynolds testified simply that in 1985 she and Davis "loaded [the Cobra] on the trailer" and then after they arrived in Kalamazoo "pushed it into a garage." There was never any testimony that the car was pushed onto the trailer in 1985.
 
 
 34
 Ms. Reynolds did testify that they pushed the car onto the trailer in the spring of 1986. The judge's comment that there was no testimony the car was pushed on the trailer did not relate to the spring 1986 loading, but rather specifically dealt with the 1985 loading.
 
 
 35
 Additionally, if there were error in the judge's comment, it does not rise to the level of plain error. Furthermore, there was a jury instruction given which commanded the jury not to consider the judge's comments, questions and rulings as evidence. In light of the factual correctness of the judge's statement and the subsequent jury instruction, we do not find plain error.
 
 B. Quarreling Over Pearl Street
 
 36
 Davis also attacks the comment by the district court that "He never answered that. Instead of that, he quarreled with you about how close Pearl Street was." Davis contends that this denigrated his testimony by describing it as quarrelsome. Davis argues that this comment constitutes plain error since it affected his substantial rights due to the fact that this case boiled down to a credibility battle between Davis and Ms. Reynolds.
 
 
 37
 We fail to see how this could have affected, in any real sense, the jury's credibility evaluation. First, the discussion at issue appears to have been minor banter in a trial that stretched over three days. Second, the jury's credibility determination and apparent disbelief in Davis' testimony are supported by a substantial amount of evidence; this one comment clearly was not the determining factor. Third, any error in this comment was not plain error. Fourth, even if error, it was cured by the judge's instructions to the jury.
 
 
 38
 Davis' rights were not substantially affected by this comment either.
 
 CONCLUSION
 
 39
 Accordingly, the ruling of the district court is AFFIRMED.